IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01275-BNB

TIMOTHY DOYLE YOUNG,

    Applicant,

v.

BUREAU OF PRISONS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 16 2009

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Applicant Timothy Doyle Young is in the custody of the United States Bureau of Prisons and currently is incarcerated at USP Florence. Mr. Young initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on June 22, 2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and instructed Mr. Young to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Young either to pay the filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Mr. Young was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On July 1, 2009, Mr. Young filed the proper Court-approved form used in filing a request to proceed pursuant to 28 U.S.C. § 1915. The § 1915 Motion and Affidavit form, however, is deficient because Mr. Young did not submit a certificate from the warden or other appropriate officer of the place of confinement showing the amount of

money or securities that the he has in any account in the institution, as required pursuant to Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts, and as he was directed to do on Page Two of the § 1915 form.

The Court notes that Mr. Young states on Page Two of the 28 U.S.C. § 1915 Motion that he is unable to comply and refers to Case No. 07-cv-02240-ZLW, Document No. 27. Although in Case No. 07-cv-02240-ZLW Mr. Young claimed he was unable to obtain a certified copy of his account statement, the Court determined that Mr. Young refused to follow the prison procedures for obtaining a certified copy of his account statement.

Nonetheless, in a habeas action, as stated above, Mr. Young only is required to submit a certified statement by a warden or other appropriate officer of the institution where he is confined as to the current amount of money on deposit in his inmate trust fund account. Therefore, the action will be dismissed without prejudice for failure to cure all noted deficiencies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to cure all deficiencies.

DATED at Denver, Colorado, this 15 day of _____July_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01275-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/16/09 .

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk